## S. W. HOYT *v.* H. BENNER, et al.

A rule was taken to set aside an attachment for the reason that no United States internal revenue stamp had been affixed to the affidavit or petition. The rule was dismissed. The defendants afterwards filed a peremptory exception on the general ground that the provision of the United States internal revenue law had not been complied with:

*Held :*—That the dismissal of the rule judicially established the fact, that the law requiring a stamp had been complied with, and if any other provision of the revenue law was relied on by the defendant, he should have specially set forth the non-compliance.

Fraud must be specially pleaded.

APPEAL from the Fifth District Court of New Orleans, *Leaumont*, J. *J. Fuller* and *J. C. Walker*, for appellant. *L. M. Day*, for appellee.

HOWELL, J. The defendants took a rule to set aside the attachment in this case, on the ground among others, "that neither the affidavit nor the petition has any such United States internal revenue stamp as is required by law." This rule was dismissed, and defendants then filed a "peremptory exception to the attachment and suit, on the ground that the said attachment and suit are null and void, by reason of the facts that the provisions of

the United States internal revenue laws were not, and have not been complied with by plaintiff.

On the trial of this exception, the plaintiff objected, as is shown by the bills of exception, to going into trial thereof, on the ground that it presented the same issue as that in the rule which was dismissed, and which forms rei judicata, and to the introduction of any evidence on the ground that the exception is too vague and general—that the causes of nullity must be specially pleaded.

The dismissal of the rule judicially established the fact that the law requiring a stamp has been complied with, and if there be any other provisions of that law different from that already invoked—the non-observance of which rendered the suit null—they should have been specified, in order that plaintiff might have notice.

The position taken by defendants' counsel in argument, shows the importance and justice of this rule of pleading. He contends that the plaintiff affixed the required stamp *after* the rule to dissolve was taken, which subjected him to a penalty for fraud upon the government, and rendered all the proceedings null, because the consent of the internal revenue collector was not first obtained and a fine paid, as provided by the law in such cases; or, in other words, that plaintiff having omitted to affix the stamp at the proper time, did not, in putting it on the record afterwards, comply with the provisions of the law directing how it may subsequently be done, and thus committed a fraud. Charges so grave in their consequences should be definitely set forth. Fraud must be specially pleaded. And, besides, from the pleadings, the plaintiff was not bound to presume that such questions would be raised. The legal presumption, at the time of filing the exception, was, that the stamp had been affixed in accordance with law, and to enable the opposite party to prove the contrary (if allowable at all), the necessary allegation must be made.

It is the duty of Courts to see that the law invoked is not evaded, but this duty must be performed in a mode just to all parties, and according to fixed rules of pleading.

We think that the objection to the evidence should have been sustained, and that the Court erred in maintaining the alleged peremptory exception.

It is therefore ordered, that the judgment appealed from be avoided and reversed, and that the peremptory exception of defendants be overruled without prejudice, and the cause remanded to be proceeded in according to law. Defendants to pay the costs of appeal.